IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFENG LEE HSU )<br>)<br>   Plaintiff  )<br>)<br>       v.        )<br>)<br>UNITED RETRIEVAL OF AMERICA, INC. )<br>YESTEL, INC.  )<br>)<br>   Defendants  ) | COMPLAINT    0 6 - 6 2 5 |

## JURIDICTION

1.   This Court has jurisdiction of this action under 15 U.S.C. § 1681p and 15 U.S.C. § 1692k (d).

## PARTIES

2.   The plaintiff, Lifeng Lee Hsu, is an individual residing at 108 Cardinal Circle, Hockessin, DE 19707.

3.   The defendant United Retrieval of America, Inc. is a debt collection company incorporated in California with office address at PO BOX 641, Pasadena, CA 91102 and Service Agent of Adrian Deluna at 1315 E Main St., Alhambra, CA 91801.

4.   The defendant Yestel Inc. is a California telecommunications company that provides interexchange telecommunications services with office at 24309 Narbonne Ave, Suite 200, Lomita, CA 90717.

5.   At all relevant times, Defendant United Retrieval of America acted as the debt collector for Defendant Yestel, Inc.

## **FACTS**

6. In about January 2002, I had a dispute with Defendant Yestel, Inc., my then long-distance phone provider, concerning the unacceptable quality of my calls to Nigeria. This dispute led to my termination of Yestel's service.

7. On September 02, 2005, I found that Defendant United Retrieval of America furnished incorrect information to the credit bureau Experian about the disputed account that I had with Defendant Yestel, Inc.

8. I disputed the information through Experian, which then informed Defendant United Retrieval of America to conduct an investigation as prescribed by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

9. On September 09, 2005 Defendant United Retrieval of America sent me a collection letter for an amount of $70.24 and threatened that it would vigorously oppose to remove the disputed information from my credit report so long as my account remained unpaid.

10. The collection letter mentioned in the above paragraph was sent in a window-envelope with a large window, where the message "DEBT ENFORCEMENT SERVICES" was clearly displayed.

11. In the end of September of 2005, Experian informed me that Defendant United Retrieval of America had completed the investigation. But, the Defendant used the Medical Information Provision to evade the dispute.

12. On September 29, 2005 Defendant United Retrieval of America sent me another collection letter for an amount of $70.68 using the same window-envelope that had the message "DEBT ENFORCEMENT SERVICES" displayed through the window.

13. On October 6, 2005 I sent a certified mail to Defendant United Retrieval of America advising it that its letters had violated the FCRA and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. I also requested reinvestigation of the disputed information according to the procedure prescribed by the FCRA.

14. On October 31, 2005 Defendant United Retrieval of America responded to my request by sending me only a billing summary provided by Defendant Yestel, Inc. This response did not conform to the FCRA requirement. The billing summary also revealed that the original disputed amount was $44.85, and the Defendant had tried to collect additional interest of $26.54.

15. On December 20, 2005 Defendant United Retrieval of America sent me the third collection letter for an amount of $72.49 using the same window-envelope that displayed the message "DEBT ENFORCEMENT SERVICES" through the window.

16. On September 9, 2006 I noticed that Defendant had continued furnishing the incorrect information to the credit bureau Experian.

17. At noon, September 29, 2006, I called Defendant Yestel, Inc. and talked to its manager Mr. Lin (ID # 203) to verify Yestel's role on this matter. Mr. Lin declined to verify Yestel's role in this collection attempt and the

company's legal status on this account. He only stated that the account was already placed in the hand of Defendant United Retrieval of America and the company could not help me unless I became its subscriber again.

## FIRAT CLAIM FOR RELIEF:

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

18. By reference paragraph 9, both defendants violated 15 U.S.C. §1692e and §1692e (5).

19. By reference paragraphs 10, 12 and 15, both defendant violated 15 U.S.C. §1692b(5) by using a window-envelope that displayed the message indicating the communication was related to the collection of a debt.

20. By reference paragraphs 9, 12, and 15 both defendants violated §1692e(2)(A) by misrepresenting the false amount of the debt.

21. By reference paragraph 14, both defendants violated §1692f(1) by collecting an unauthorized interest.

## SECOND CLAIM FOR RELIEF:

## VIOLATIONS OF FAIR CREDIT REPORTING ACT

22. By reference paragraphs 9 and 11, both defendants violated §1681i for failure of reinvestigation.

23. By reference paragraph 14, both defendants violated §1681s-2(a) for failure of reasonable reinvestigation.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff respectfully demands judgment be entered against Defendants for the following:

(A)   Declaratory judgment that Defendants' conduct violated the FCRA and the FDCPA.

(B)   ACTUAL DAMAGES: (1) time, costs of books and legal assistant fees: $1,000 (2) the counsel fees and court fees for this action.

(C)   STATUTORY DAMAGE pursuant to U.S.C. 1692k of $2,000 ($1,000 per defendant).

(D)   PUNITIVE DAMAGE for the violations of the FCRA and the FDCPA.

(E)   Plus any other relief as the court finds just and equitable.

*Lifey Lee Hsu*, 10/06/2006

LIFENG LEE HSU (Plaintiff)
108 Cardinal Circle
Hockessin, Delaware 19707
(302) 573-5458
LLH@DTCC.EDU