IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFENG LEE HSU, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 06-625-*** |
| : | |
| UNITED RETRIEVAL OF AMERICA, : | |
| INC. and YESTEL, INC., : | |
| : | |
| Defendants. : | |

### JUDGMENT ORDER

At Wilmington, this **3rd** day of **October, 2007.**

WHEREAS, on October 6, 2006, the plaintiff filed a complaint against the above-captioned defendants;

WHEREAS, on December 1, 2006, returns of service executed as to the defendants Yestel, Inc. and United Retrieval of America Inc. were filed with the court; and

WHEREAS, on June 29, 2007, the clerk of the court entered a default as to defendants Yestel, Inc. And United Retrieval of America, Inc.;

WHEREAS, after providing notice, a Rule to Show Cause and Hearing on plaintiff's motion for default judgment occurred on September 18, 2007, during which oral evidence was taken from plaintiff regarding his damages against defendants.  Despite receiving notice, defendants did not appear for the hearing, nor did they appear for the hearing on August 16, 2007.  As a result, the court verbally awarded plaintiff the statutory amount of $1,000.00 per defendant and his court costs in the amount of $350.00.  The court reserved deciding plaintiff's claim for "attorney's fees" or his time in pursuing the

matter and allowed plaintiff to submitted case citations that he claimed supported his request;

WHEREAS on September 28, 2007 plaintiff submitted, as pursuant to the Order of the court of September 18, 2007, certain documents, including a notarized copy of his time sheet and citations in support of his claim for attorney's fees.  Specifically, plaintiff relied upon *Pitts v. Vaughn et.al.*, 679 F.2d 311 (3d Cir. 1982) to support his request.  *Pitts*, however, found the opposite of plaintiff's position, that is,  successful *pro se* litigants may not recover an equivalent of attorney's fees under 42 U.S.C. § 1988.  In so finding, the court noted the decision in *Cunningham v. F.B.I.*, 664 F.2d 383 (3d Cir. 1981) which denied recovery of attorney's fees to a *pro se* litigant under FOIA, 5 U.S.C. § 552(a)(4)(E).  The reasoning by the *Cunningham* court which the *Pitts* court found persuasive was as follows.  Proceeding *pro se* does not usually involve similar financial burdens and obstacles as those inherent in retaining counsel*.  Pro se* litigation may not serve the aims of legislation to the same extent as litigation conducted by an attorney, in part, because self-representation "does not supply the objectivity and detachment that an outside attorney can provide as a check against groundless or unnecessary litigation." *Cunningham*, 664 F.2d at 386.  Unlike determining the costs of counsel's representation were there is an accepted market value or costs of service known, calculating the value of the time of *pro se* litigants has no such baseline and any valuation would be arbitrary.  Although *Pitts* and *Cunningham* dealt with different statutes (civil rights and FOIA respectively), the court finds that their analyses equally apply to the present matter (Fair Debt Collections Practices Act and Fair Credit Reporting Act).  As a result, the court does not find that it was the intent of either act, specifically at 15 U.S.C. § 1692k(3), that a *pro*

*se* litigant should receive the equivalent of attorney's fees for his time. Therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Judgement of default is entered in favor of plaintiff against defendants United Retrieval of America, Inc. in the amount of $1,000.00 and Yestel, Inc. in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k. In addition, judgment is entered against defendants in favor of plaintiff for his court costs in the amount of $350.00, liability for which is joint and several.

2. Plaintiff's request for reimbursement for his time and for punitive damages is denied.

3. The parties have ten (10) days after receipt of a copy of this Order under 26 U.S.C. § 636 and Fed. R. Civ. P. 72 to file any objections to this Order for review by a district court judge. Failure to timely file any objections shall mean that this Order will be final after the ten (10) day period.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE